UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LOUIS GUILLEN, SR., and LOUIS GUILLEN, JR., <br><br>*Plaintiffs*, <br><br>v. <br><br>U-HAUL COMPANY OF TEXAS, U-HAUL INTERNATIONAL, INC., and U-HAUL HOLDING COMPANY collectively d/b/a U-HAUL MOVING AND STORAGE, <br><br>*Defendants*. | Civil Action No. 3:24-cv-1413-x |

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO COMPEL ARBITRATION**

Before the Court is Defendants U-Haul Co. of Texas, U-Haul International, Inc., and U-Haul Holding Company's (collectively, "U-Haul") Motion to Compel Arbitration (Doc. 15). For the reasons outlined below, the Court **GRANTS** the motion and **VACATES** all deadlines in the case pending the resolution of the arbitration process. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendants U-Haul International, Inc. and U-Haul Holding Company's Motion to Dismiss (Doc. 13). The Court **OREDERS** the parties to update the Court every six months with a status report on the state of arbitration proceedings.

**I.     Factual Background**

Louis Guillen, Sr. and Louis Guillen, Jr. filed suit against U-Haul over an incident surrounding a rental truck. Guillen Sr. rented a moving truck from a Dallas

1

U-Haul location, providing his information to U-Haul and listing Guillen Jr. as an authorized driver.  However, Guillen Sr. never signed the rental contract.

When the Guillens picked up the truck, it made a loud squeak as they backed it out of the lot.  The Guillens allege they notified a U-Haul employee who assured them the noise was normal and not a problem.  More on that later.  While driving down Interstate 20 in Mesquite soon after, the Guillens claim they heard a loud bang, smoke poured from the truck, the brakes went out, and the truck began swerving and shaking violently, throwing them around the cabin until the truck finally slowed to a stop.

The Guillens allege they both sustained injuries from this incident and brought claims against U-Haul under theories of negligence.  U-Haul answered the complaint with a motion to dismiss and a motion to compel arbitration based on the rental contract, which incorporated an arbitration agreement by reference (the "Arbitration Agreement" and collectively with the rental contract, the "Rental Agreement").[1]  The Court now considers the motion to compel arbitration.

## II.     Legal Standard

Both state and federal courts favor arbitration.  So "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."[2]  The Federal Arbitration Act codifies this presumption by stating that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law

---

[1] Rental Contract, Doc. 16, Ex. A-1; Arbitration Agreement, Doc. 16, Ex. A-3.

[2] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

2

or in equity for the revocation of any contract."[3]

When determining the enforceability of an arbitration agreement, the Fifth Circuit directs courts to answer two questions: did the parties enter an arbitration agreement in the first place and does that agreement cover the present claims?[4] Under Texas law, a binding contract requires (1) offer, (2) acceptance, (3) meeting of the minds, (4) consent of the parties, and (5) execution and delivery.[5] Signatures can be evidence of the parties' intent to execute a contract.[6] But they "are not required as long as the parties give their consent to the terms of the contract, and there is no evidence of an intent to require both signatures as a condition precedent to it becoming effective as a contract."[7]

### III. Discussion

A party seeking to compel arbitration bears the burden to establish that an arbitration exists and that it covers the asserted claims.[8] U-Haul argues the Guillens entered an agreement with U-Haul Co. of Texas that expressly included an arbitration provision that covers this action. The Guillens respond that (1) Guillen Sr. never actually signed the contract, (2) even assuming there is a valid contract,

---

[3] 9 U.S.C. § 2.

[4] *Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 201 (5th Cir. 2016).

[5] *Trujillo v. Volt Mgmt. Corp.*, 846 F. App'x 233, 235–36 (5th Cir. 2021) (cleaned up).

[6] *Id.* at 236.

[7] *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 689 (5th Cir. 2018) (cleaned up); *see also Trujillo*, 846 F. App'x at 236 (enforcing an unsigned arbitration agreement that contained "no language that the parties needed to sign [it] to give it effect" and the parties negotiated and behaved like the contract was effective).

[8] *Wachovia Sec., LLC v. Emery*, 186 S.W.3d 107, 113 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

3

Guillen Jr. was not a third-party beneficiary and is not bound, and (3) because the Guillens did not sue on the rental contract, the arbitration provision does not estop their claims.

### A. A valid contract does exist between U-Haul and the Guillens.

The Court turns first to the Guillens' argument that no valid contract exists here at all. They claim that, because Guillen Sr. never actually signed the Rental Agreement, the agreement is invalid.[9] But the Arbitration Agreement expressly provides that, "[b]y engaging in a Transaction" with U-Haul, renters waive their right to bring claims in court.[10] And the Guillens made a reservation with U-Haul, providing information like Guillen Sr.'s driver's license number and address, picked up the truck and trailer from the facility, loaded the truck with their possessions, and commenced their attempt at a cross-country trip.[11] He may not have signed the Rental Agreement, but Guillen Sr. contracted with U-Haul to rent a moving truck and behaved as if the contract was executed.

### B. Guillen Jr. is bound through direct-benefits estoppel.

Next, assuming a valid contract exists, the Guillens argue Guillen Jr. cannot be bound because the parties did not intend to give him third-party-beneficiary status with the Rental Agreement.[12] However, under Texas law, non-signatories who "accepted direct benefits" from a contract "can be compelled through direct-benefits

---

[9] Doc. 30 at 3–6.

[10] Doc. 16, Ex. A-3.

[11] Doc. 1 at 4–5; Doc. 30, Ex. A-1.

[12] Doc. 30 at 6–7.

4

estoppel to arbitrate."[13] Though Guillen Jr. was not listed as a signatory to the Rental Agreement, he was listed as an authorized driver and he benefitted—albeit very briefly—from using the truck to move.[14] In *Taylor Morrison of Texas, Inc. v. Ha*, the Supreme Court of Texas bound a wife and children to an arbitration clause covering their home because, though only the husband signed the contract, they too lived in the home.[15] Here, Guillen Jr. is similarly bound by the clause Guillen Sr. agreed to because he used the truck just like his father did, directly benefitting from the Rental Agreement between Guillen Sr. and U-Haul.

### C. The arbitration provision estops the Guillens' tort claim.

Finally, the Guillens argue that the arbitration agreement, if it exists, does not estop them from bringing their tort claims in court because they are not suing on the Rental Agreement.[16] However, the arbitration agreement incorporated into the Rental Agreement defines the covered claims as "any dispute, complaint, controversy, or cause of action related to your Transaction and to U-Haul . . . brought under any legal theory, whether at law or in equity," including "but not be limited to, all statutory and tort claims, that may be asserted."[17] This provision expressly covers tort claims renters may bring against U-Haul in relation to their rentals, which

---

[13] *Taylor Morrison of Tex., Inc. v. Ha*, 660 S.W.3d 529, 534–35 (Tex. 2023); *see also In re Weekley Homes, L.P.*, 180 S.W.3d 127, 131–32 (Tex. 2005).

[14] Doc. 16, Ex. A-1 (listing Louis Guillen and Louis Guillen as authorized drivers); Doc. 1, ¶ 3.1, 3.10.

[15] *Taylor Morrison*, 660 S.W.3d at 535.

[16] Doc. 30 at 7.

[17] Doc. 16, Ex. A-3.

5

covers the Guillens' claims over U-Haul's negligence in maintaining the truck they rented.[18]

### IV. Conclusion

The Court, having determined that a valid arbitration agreement exists which covers the Guillens' claims, **GRANTS** U-Haul's motion to compel arbitration and **VACATES** all case deadlines pending resolution of the arbitration process. The Court **ORDERS** the parties to update the Court every six months with a status report on the state of arbitration proceedings. Further, the Court **DENIES WITHOUT PREJUDICE** Defendants U-Haul International, Inc. and U-Haul Holding Company's motion to dismiss as moot in light of this Order.

**IT IS SO ORDERED** this 30th day of October, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[18] *See generally Martin v. Fort Worth*, 2024 WL 4314988, at *2 (N.D. Tex. Sept. 26, 2024) (enforcing arbitration agreement against plaintiff who brought tort claims, not contract claims).